In the Matter of the Claim of HAZEL RIEGEL, Respondent, against GREAT LAKES FORWARDING CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from an award of death benefits under the Workmen's Compensation Law. Decedent was employed as a truck driver, and in connection with such employment he had leased his own truck to the employer. Shortly before he was killed he had returned from a hauling trip and took his truck to a garage to be serviced. There is evidence that he was also trying to find the dispatcher of the employer at the time. He left the garage to go to a tavern and was there for some time. When crossing the road, as he went back to the garage, he was struck by an automobile and was killed. The board has found that this accident arose out of and in the course of his employment. We cannot say, as a matter of law, that there is no evidence to sustain the finding of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

■

In the Matter of the Claim of JAMES MANOCHIA, Respondent, against MICHAEL WALLACH, Appellant, and ARTHUR SCHWARTZ, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal on a shortened record by a noninsured employer from decisions and an award made by the Workmen's Compensation Board which awarded claimant compensation for disability. Whether the award should have been made wholly or in part against the special employer against whom claimant belatedly filed what he terms a "protective claim" was a matter within the discretion of the board when thereafter and on account thereof appellant applied to have the case reopened. Nothing is shown to move us to disturb the discretion which was exercised. Concededly the award as originally made was proper. Decisions and award unanimously affirmed, without costs. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

■

In the Matter of the Claim of NATHAN HYMAN, Respondent, against SANCOR CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from an award of disability compensation for various periods between July 7, 1945, and May 20, 1950. It is the claim of the appellants that there is no medical evidence to support a finding of causally related partial disability for the period from July 24, 1945, to May 20, 1950. We find this contention is supported by the record, and the facts of this case on the present record are not such as to warrant application of a presumption of continuing causally related disability. Award reversed on the law and the matter remitted to the Workmen's Compensation Board, with costs to appellants and against the Workmen's Compensation Board. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.